STATE OF NEW JERSEY, DEFENDANT IN ERROR, v. MOL-LIE LEVIN, PLAINTIFF IN ERROR AND APPELLANT.

Argued October 7, 1947—Decided March 29, 1948.

Before CASE, CHIEF JUSTICE, and Justice BURLING.

For the defendant in error, *Duane E. Minard, Jr.,* Prosecutor of the Pleas.

For the plaintiff in error and appellant, *Anthony A. Calandra.*

The opinion of the court was delivered by

BURLING, J. The plaintiff in error and appellant, Mollie Levin, was convicted on March 6th, 1947, in the Essex County Court of Quarter Sessions on the first count of an indictment of breaking and entering with intent to steal and upon the third count of the indictment of larceny. On March 21st, 1947, she was sentenced to the Women's Reformatory at Clinton on each of the two counts, the sentences being indeterminate and to run consecutively. Sentences were for imprisonment only and no costs were attached.

Writ of error was issued on March 25th, 1947, to review the judgment of conviction. The case was submitted to this court on briefs at the opening of the May term, 1947.

The plaintiff in error had been committed to the Reformatory at Clinton in execution of the above sentences and during her confinement, on June 16th, 1947, she died at said institution prior to the decision upon the appeal. Her death was suggested on the record and there has been filed with the clerk of this court on June 23d, 1947, a copy of the death certificate issued by Robert M. Dunn, Jr., local registrar of Union Township, Hunterdon County, New Jersey.

On the opening of the October term, 1947, motion was made by the state for abatement of the appeal and dismissal of the writ because of the death of the plaintiff in error and appellant.

The situation is governed by the principles laid down in this court in *State* v. *Stevens* (*Supreme Court,* 1945), 133 *N. J. L.* 488. In that case it was held that the death of the defendant convicted of operating an automobile while intoxicated abated the defendant's pending *certiorari* proceeding. The defendant was convicted of drunken driving (*R. S.* 39:4–50) and sentenced to pay a fine of $350 and costs of $2. The judgment imposed was that in case of default the defendant was to be committed to a penitentiary for ninety days. The defendant defaulted and was committed. After serving two months of his term he appealed to this court

by *certiorari* and was released in bail pending the appeal. The matter was submitted on briefs at the opening of this court's term, and shortly thereafter the defendant died. It was held that the proceedings on appeal were abated by his death and the questions were moot and did not call for decision.

24 *Corp. Jur. Sec.* 381, states the pertinent principles as follows:

"Abatement by death of defendant. Inasmuch as it is provided by the organic law that no conviction shall work corruption of blood or forfeiture of estate, where an accused dies pending his appeal, the appeal is abated; * * *."

The application is resisted by the attorney of record for the plaintiff in error and appellant and he contends that the opinion of this court in *Bowers* v. *State* (*Supreme Court,* 1947), 135 *N. J. L.* 564, wherein it was held that the service of sentence by the defendant did not render the subject-matter of the appeal moot and affects the present situation. The *Bowers* case, *supra,* decided June 3d, 1947, did not overrule the principles decided December 3d, 1945, in the *Stevens* case, *supra.*

A reversal contemplates a re-trial. In the instant case, the charges against this defendant cannot be cleared by the action of this court as there is no defendant to stand re-trial. The death of the appellant pending the determination of her appeal has in cases in other jurisdictions been held to abate the appeal. The only divergence among these cases is on the question whether the appeal is abated *ab initio,* that is the criminal proceedings restored to the indictment stage, or the appeal from the conviction is only abated. Those cases which hold to the prior rule, involved fines or costs as a part of or an incident to the judgment of conviction. Refer to annotations in 96 *A. L. R.* 1322 and to 24 *C. J. S.* 381 where the cases are collected.

The proceedings on appeal are abated and the writ of error and appeal is hereby dismissed.